W. SCOTT QUINLAN, 101269
Attorneys at Law
2333 Merced Street
Fresno, Ca 93721
Telephone: (559) 233-2900
Telephone: (559) 442-0634
Facsimile: (559) 233-6947

Attorney for Custodian of Records for
Grant Bishop Motors Inc,/Modesto European Motors

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>SCOTT ALLEN PIERACCI.<br><br>Defendant. | No. 1:15-cr-0165-DAD-BAM-1<br><br>**STIPULATION REGARDING DISCOVERY; FINDINGS AND PROTECTIVE ORDER** |

1.  As described more fully below, defendant, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, for the reasons set forth below, hereby stipulates, agrees, and requests that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials subpoenaed by the defense containing personal identifying information ("PII") of real persons and other confidential information of third parties.

///

///

1

2. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the PII and confidential information of others. If this information is disclosed without protective measures, or to defendants without limitation, it will risk the privacy and confidentiality of the people and entities to whom the information relates.

3. Accordingly, defendant and the custodian of records subpoenaed by defendant, jointly request a Protective Order that will permit the defendant access to subpoenaed information that is unredacted, but preserves the privacy and confidentiality of victims, witnesses, and third parties. The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the subpoenaed party's interest in maintaining the privacy and confidentiality of victims and third parties, while permitting the Defense Team to utilize such evidence.

4. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

**I. PROPOSED PROTECTIVE ORDER**

**A.** **Protected Materials**

5. This order pertains to all discovery provided or made available to defense counsel in this case pursuant to defendant's subpoena deuces tecum served on the custodian of records for Grant Bishop Motors, Inc. (hereafter, collectively "Protected Materials") for the following material:

1. Modesto European Motors' Dell Laptop Computer that had been provided to Scott Allen Pieracci for his use and was returned to MEM upon Mr. Pieracci's termination in March of 2011, or mirror hard drive of it.
2. The Modesto European Motors (MEM) Annual Financial Statements for the Fiscal Years Ending 2010, 2011 and 2012.
3. Modesto European Motors Accounting Policy Manual in use in 2010, or Accounting Policy Manual in use.

///

    4.  Modesto European Motors (MEM) copies of the front and back of negotiated checks claimed to have been paid for the invoices in the sixteen counts of the Indictment from June 30, 2010 through November 11, 2010, if provided, or other indicia of deposits or payments for those invoices.

Personal identifying information ("PII") includes any information within the definition of a "means of identification" under 18 U.S.C. §1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. §1029(e)(1).

    6.  To the extent that notes are made that memorialize, in whole or in part, any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

  **B.**  **Defense Team**

    7.  For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

    8.  For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

    9.  Defense Counsel must provide a copy of this Order to all members of the Defense Team.

    a).  Defense Counsel must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team. The written acknowledgement need not be disclosed or produced unless ordered by the Court.

///

### C. Disclosure of Protected Material

10. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials.

11. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever, and shall not be used for the economic or other benefit for the defendant or any third party. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

12. Defendant may review Protected Materials in this case only in the presence of a member of the Defense Team, or at the office of Defense Counsel, and his Defense Counsel shall ensure that defendant complies with this condition. Defendant must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendant reviews the Protected Materials. Defendant may not take any Protected Materials out of the room in which they are meeting with the Defense Team. Defendant may not write down or memorialize any PII contained in the Protected Materials. At the conclusion of any meeting with defendant, the member of the Defense Team present shall take with him all Protected Materials. At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendant, whether or not he incarcerated, except as provided below.

13. If, during the pendency of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that all PII contained in the Protected Materials is fully redacted. If Defense Counsel provides a redacted copy to defendant subject to these conditions, Defense Counsel or a member of the Defense Team must contemporaneously memorialize in writing that it has fully redacted PII from the Protected Materials and complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court.

14. The Defense Team may review Protected Materials with a witness or potential witness in this case. Before being shown any portion of the Protected Materials, however, any witness or potential witness must be informed of the existence of the Protective Order and given a copy of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

### D. Ensuring Security of Protected Materials

15. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

16. A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

17. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

18. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be marked with the above notation. In the event that the Defense Team makes or causes to be made copies of the Protected Materials for purposes of hearing or trial, it does <u>not</u> need to include this inscription.

### E. Filings

19. In the event that a party needs to file Protected Materials containing PII, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII in court filings, the filing should be made under seal

as provided for by the local rules.

### F. Conclusion of Prosecution

20. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

21. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the subpoenaed party, or certify in writing that the Protected Materials have been destroyed.

### G. Termination or Substitution of Counsel

22. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. Modification of Order

23. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I. Violation of Order

24. Any person who willfully violates this Order may be held in contempt of court and maybe subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

**J.   Application of Laws**

25.   Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

26.   Nothing in this Order shall be construed to affect the application or and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated: September 13, 2019          Respectfully submitted,

/s/ Michael Berdinella
Michael Berdinella, Attorney for
Defendant, SCOTT ALLEN PIERACCI

Dated: September 13, 2019          Respectfully submitted,

/s/ W. Scott Quinlan
W. Scott Quinlan, Attorney for
Grant Bishop Motors-Modesto European Motors

**ORDER**

Based upon the defense stipulation and the non-opposition by the Government, the Court adopts the stipulated protective order submitted by the defendants. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing.

IT IS SO ORDERED.

Dated:   **September 19, 2019**          /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE